UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
CENTER FOR PUBLIC INTEGRITY,    :
                                :
        Plaintiff,              :
                                :
        v.                      :    Civil Action No.
                                :    04-1274 (GK)
U.S. OFFICE OF PERSONNEL        :
MANAGEMENT,                     :
                                :
        Defendant.              :
_____:
```

## MEMORANDUM OPINION

_____Plaintiff, the Center for Public Integrity, brings this action against the United States Office of Personnel Management ("OPM" or "Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to secure the production of certain agency records. This matter is now before the Court on the following motions: (1) OPM's Motion for Summary Judgment for Non-United States Department of Defense ("DoD") Information; (2) Plaintiff's Cross-Motion for Summary Judgment for Non-DoD Information; (3) OPM's Motion for Summary Judgment for DoD Information; (4) Plaintiff's Cross-Motion for Summary Judgment for DoD Information; and (5) Plaintiff's Motion to Strike OPM's Motion for Summary Judgment for DoD Information.

Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated below, OPM's Motion for Summary Judgment for Non-DoD Information is **granted**; Plaintiff's Cross-Motion for Summary Judgment for Non-DoD

Information is **denied**; OPM's Motion for Summary Judgment for DoD Information is **granted**; Plaintiff's Cross-Motion for Summary Judgment for DoD Information is **denied**; and Plaintiff's Motion to Strike OPM's Motion for Summary Judgment for DoD Information is **denied**.

I.   **BACKGROUND**

    A.   **Factual History**

By email dated January 28, 2004, Plaintiff submitted a FOIA request to OPM's FOIA officer seeking "[e]lectronic data regarding, or detailing all 'Schedule C employees' of the federal government from database(s) maintained by the Office of Personnel Management [during a time period] as far back as OPM has maintained it." Compl. ¶ 5.

By email dated March 19, 2004, Plaintiff submitted a second overlapping FOIA request to OPM's FOIA officer seeking "[e]lectronic data regarding, or detailing all federal employees of the [sic] all agencies from database(s) maintained by the Office of Personnel Management . . . from January of 1993 and every month following until January 2004." Id. ¶ 6.  Plaintiff also requested "a copy of the most similar database that would contain fields such as Agency[,] Fiscal Year, Employee Name, Last Name, First name, Middle Initial, Position, Department, District Short Name, District Short Name [sic], FIPS Code, City[,] GSA Code, Occupation Category,

Specific Occupation, Work Schedule, Supervisory Status, Pay Plan, Grade, Step, Salary Type, and Salary." Id.

By emails dated June 28, June 29, July 2 and July 7, 2004, Plaintiff inquired about the status of its FOIA requests. See Def.'s Statement of Material Facts, ¶ 3. By emails dated June 29 and July 7, 2004, OPM acknowledged Plaintiff's inquiries and stated that it would advise Plaintiff of their status. See id.

**B.  Procedural History**

On July 29, 2004, Plaintiff filed the instant action seeking the production of all requested documents.

On October 26, 2004, the Court entered a scheduling order ordering OPM to finish processing Plaintiff's FOIA request by December 7, 2004. See Docket No. 11. It also ordered OPM to submit its dispositive motion by February 7, 2004 and to provide Plaintiff with a Vaughn Index.[1]  See id.

On December 7, 2004, OPM released all information it considered responsive to Plaintiff's two FOIA requests. See id. ¶ 17. Withholdings were made under FOIA Exemption 6. See id. ¶ 20. OPM redacted social security numbers from all responsive records. With respect to Plaintiff's second FOIA request, dated March 19, 2004, OPM redacted (1) the "[n]ames and duty stations" of

---

[1] An agency that withholds information pursuant to a FOIA exemption bears the burden of justifying its decision, see Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)), and must submit an index of all materials withheld. See Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973).

federal employees in "sensitive occupations," as enumerated in the Vaughn Index; (2) the "[n]ames and specific duty locations of all employees" in the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the U.S. Mint, the Secret Service, and Customs Service; and (3) "[a]ll information regarding employees from the Department of Defense." Vaughn Index, ¶¶ II.A-II.C.

On December 14, 2004, the Court denied Plaintiff's motion for judgment on the pleadings on the ground that "answers to complaints in FOIA cases need not plead the applicability of any statutory exemptions." Center for Public Integrity v. United States Office of Personnel Mgmt., 04cv1274 (GK), December 14, 2004, Mem. Op. at 3.

On January 13, 2005, OPM referred Plaintiff's second FOIA request to the DoD for direct response, in accordance with DoD's specific request to OPM that all FOIA requests seeking information pertaining to DoD employees be referred to it. See Def.'s Mot. at 13, n.5; Def.'s Ex. F.  The DoD denied Plaintiff's second FOIA request in its entirety under 10 U.S.C. § 130b(a) ("the New

Disclosure Policy")[2] and FOIA Exemption 3 and 6.   <u>See</u> Def.'s Mot. for DoD Info. at 6.

On February 7, 2005, OPM filed its Motion for Summary Judgment for Non-DoD Information.[3]  On March 8, 2005, Plaintiff filed its Cross-Motion for Summary Judgment for Non-DoD Information.   On April 26, 2005, OPM filed its Motion for Summary Judgment for DoD Information.[4]  On May 10, 2005, Plaintiff filed its Cross-Motion for Summary Judgment for DoD Information and its Motion to Strike OPM's Motion for Summary Judgment for DoD Information.

## II.  STANDARD OF REVIEW

-------

[2] The New Disclosure Policy "directs all components of DoD ordinarily to deny requests under FOIA for lists of names and other personally identifying information of personnel currently or recently assigned within a particular component, unit, organization or office with the Defendant of Defense.   The denial of such requests is to be based on 5 U.S.C. § 552(b)(6) ('Exemption 6')." Def.'s Mot. for DoD Info. at 4 (internal quotation and citation omitted).   According to the OPM, "[t]he purpose of the New Disclosure Policy is to limit the flow of information identifying personnel performing specific DoD missions that could allow enemies of the United States to target these individuals with the intent to harass, stalk, or cause harm in order to degrade the individual's or a group's performance."   <u>Id.</u> (internal citation omitted).

[3] OPM's Motion for Summary Judgment for Non-DoD Information concerns that portion of Plaintiff's second FOIA request which relates to non-DoD information.   It includes the declaration of Gary A. Lukowski, Manager of Workforce Information and Planning within the Strategic Human Resources Police Office in the OPM ("Lukowski Decl.").

[4] OPM's Motion for Summary Judgment for DoD Information concerns that portion of Plaintiff's second FOIA request which relates to DoD information which OPM referred to the DoD on January 13, 2005 for direct response.   It includes the declaration of C.Y. Talbott, Chief, Office of Freedom of Information and Security Review, Executive Services Directorate, Washington Headquarters Services, Department of Defense ("Talbott Decl.").

FOIA "requires agencies to comply with requests to make their records available to the public, unless the requested records fall within one or more of nine categories of exempt material." Oglesby v. Dep't of the Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (citing 5 U.S.C. §§ 552(a), (b)). In determining whether an agency has properly withheld requested documents under a FOIA exemption, the district court conducts a de novo review of the agency's decision. See 5 U.S.C. § 552(a)(4)(B).

In a FOIA case, the court may award summary judgment solely on the basis of information provided in affidavits or declarations when they (1) "describe the documents and the justifications for nondisclosure with reasonably specific detail"; (2) "demonstrate that the information withheld logically falls within the claimed exemption"; and (3) "are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). See King v. Dep't of Justice, 830 F.2d 210, 217 (D.C. Cir. 1987).

## III. ANALYSIS

In both of its Motions, OPM claims that it is entitled to summary judgment because it has released all non-exempt information after a thorough search. Plaintiff states that it "is satisfied with OPM's response ... to [its] first [FOIA] request, dated January 28, 2004." Pl.'s Cross-Mot. for Non-DoD Info. at 1.  What

remains at issue, therefore, are "the redactions made in response to [Plaintiff's] second FOIA request, dated March 19, 2004." Id.

With respect to Plaintiff's second FOIA request, OPM invoked Exemptions 3 and 6 to withhold the following information: (1) the "[n]ames and duty stations" of federal employees in "sensitive occupations;"[5] (2) the "[n]ames and specific duty locations of all employees" in the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the U.S. Mint, the Secret Service, and Customs Service; and (3) "[a]ll information regarding employees from the Department of Defense."[6] Vaughn Index, ¶¶ II.A-II.C.

Plaintiff does not challenge OPM's withholdings under FOIA Exemption 3. See Pl.'s Opp'n to Def.'s Mot. for DoD Info. at 3-4. Therefore, the only withholdings at issue in this case are OPM's withholdings under FOIA Exemption 6.

---

[5] OPM withheld in full the "[n]ames and duty stations" of federal employees in the following occupations: Correctional Officer; United States Marshal; Police; Nuclear Materials Courier; Intelligence; Intelligence Clerk/Aide; Plant Protection and Quarantine; Internal Revenue Agent; Nuclear Engineering; Hearings and Appeals; Internal Revenue Officer; General Inspection, Investigation and Compliance; Compliance Inspection and Support; General Investigating; Criminal Investigating; Game Law Enforcement; Immigration Inspection; Alcohol, Tobacco, and Firearms Inspection; Custom Patrol Officer; Customs Inspection; Customs and Border Protection; Border Patrol Agent. Vaughn Index, ¶ II.A.

[6] OPM also withheld social security numbers from all responsive records, including those in Plaintiff's second FOIA request. See Vaughn Index, ¶ I. "Plaintiff never requested production of any Social Security numbers and therefore does not object that defendant has not produced them." Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Non-DoD Info. at 1.

Plaintiff opposes OPM's redaction of the names and duty stations of the DoD employees on the same grounds that it opposes OPM's redaction of the names and duty stations of the non-DoD employees. <u>See</u> <u>id.</u> at 4. Accordingly, the Court will address both issues together.

### A. Plaintiff's Motion to Strike OPM's Motion for Summary Judgment for DoD Information Must Be Denied

Plaintiff argues that the Court should strike OPM's Motion for Summary Judgment for DoD Information "or impose another appropriate sanction" because OPM "has not complied with the Court's Scheduling Order (docket item #11, October 26, 2004) in two respects: First, defendant was ordered 'by December 7, 2004, [to] finish processing Plaintiff's FOIA request' but in fact did not process the request with respect to DoD records and did not refer the request to DoD until approximately January 13, 2005. Second, defendant was ordered to 'submit its dispositive motion by February 7, 2005,' but instead submitted it in two stages, filing the second motion on April 26, 2005." Pl.'s Opp'n to Def.'s Mot. for DoD Info. at 3 (citing Docket No. 11).

In deciding whether to grant Plaintiff's Motion to Strike, two key principles must be kept in mind. First, "motions to strike are rarely granted[.]" <u>United States v. Crop Growers Corp.</u>, 954 F.Supp. 335, 356 (D.D.C. 1997) (internal citation omitted). Second, for such a motion to be granted, Plaintiff must show that

"the challenged allegations are both irrelevant and prejudicial."
Id. (internal citations omitted).

As Defendant correctly points out, its Motion for Summary
Judgment for DoD Information "is very relevant to the instant case
because it shows why OPM has withheld the DoD information pursuant
to [FOIA] Exemptions 3 and 6."  Def.'s Opp'n to Pl.'s Cross-Mot.
for DoD Info. at 16.  As Defendant also correctly points out,
"Plaintiff's admission that [its] two motions for summary judgment
are 'substantially the same' shows that plaintiff has suffered no
prejudice from OPM's filing the summary judgment motion for the DoD
records."  Id.

Accordingly, Plaintiff's Motion to Strike OPM's Motion for
Summary Judgment for DoD Information must be denied.

**B.  OPM's Motions for Summary Judgment Must Be Granted
because the Exemption 6 Balancing Test Resolves in Favor
of OPM's Redactions of Both DoD and Non-DoD Information**

**1.  FOIA Exemption 6**

Under Exemption 6, the government may withhold "personnel and
medical files and similar files the disclosure of which would
constitute a clearly unwarranted invasion of personal privacy."  5
U.S.C. § 552(b)(6).  Thus, "the threshold question is whether the
requested information is contained in a personnel, medical, or
similar file."  Nat'l Ass'n of Home Builders v. Norton, 309 F.3d
26, 32 (D.C. Cir. 2002) (citing United States Dep't of State v.
Wash. Post Co., 456 U.S. 595, 598 (1982) and N.Y. Times Co. v.
NASA, 920 F.2d 1002, 1004 (D.C. Cir. 1990) (en banc)).  If it is,

"then the court must determine whether the information is of such a nature that its disclosure would constitute a clearly unwarranted privacy invasion."  Nat'l Ass'n of Home Builders, 309 F.3d at 32 (citing Wash. Post Co., 456 U.S. at 598 and N.Y. Times Co., 920 F.2d at 1004).

Since Plaintiff "concedes . . . that the records at issue meet the first prong of Exemption 6, i.e., that they are 'personnel . . . files' or 'similar files,'" Pl.'s Cross-Mot. for Non-DoD Info. at 2, n. 1, the Court must next determine what constitutes a "clearly unwarranted privacy invasion."  In order to make that determination, the Court must balance the individual's interest in privacy against the public interest in disclosure, in furtherance of FOIA's "basic policy of opening 'agency action to the light of public scrutiny. . . .'"  Nat'l Ass'n of Home Builders, 309 F.3d at 32 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 175 (1991) (internal quotation omitted)).  "The public interest to be weighed against the privacy interest in this balancing test is 'the extent to which disclosure would serve the core purposes of the FOIA' by 'contribut[ing] significantly to public understanding of the operations or activities of the government.'"  Nat'l Ass'n of Home Builders, 309 F.3d at 33 (quoting United States Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 495 (1994)) (internal quotation omitted).  "Thus, unless a FOIA request advances 'the citizens' right to be informed about what their government is up to,' no relevant public interest is at issue."  Nat'l Ass'n of Home

<u>Builders</u>, 309 F.3d at 34 (quoting <u>United States Dep't of Justice v.</u>
<u>Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 775
(1989)).

### 2.   The FOIA-related public interest in disclosure

At issue in this case are the redactions under Exemption 6 of
the names and duty stations of certain federal employees.
Plaintiff speculates that "[t]here are many ways in which these
records can be used to bring to light government practices that, to
the extent that they are occurring, would be of rightful concern to
American citizens."   Pl.'s Cross-Mot. for Non-DoD Info. at 5.
Plaintiff claims that "these methods could involve obtaining from
some source other than OPM a list of persons whose appropriateness
for federal employment is questionable and then identifying those
who are in fact federal employees.   Such a secondary list might be
comprised of persons with potential conflicts of interest if
employed at particular agencies, or persons with apparent political
influence who might have obtained federal employment through
patronage."   <u>Id.</u>

As OPM correctly points out, "Plaintiff's public interest
argument suffers from two fatal flaws."   Def.'s Opp'n to Pl.'s
Cross-Mot. for Non-DoD Info. at 4.   First, "the link between the
[information Plaintiff seeks] and the potential illumination of
agency action is too attenuated.   Plaintiff cites no case
recognizing a derivative theory of public interest, and this Court

does not understand the FOIA to encompass such a concept." Hertzberg v. Veneman, 273 F. Supp.2d 67, 87 (D.D.C. 2003).

Thus, the information sought "falls outside the ambit of the public interest that the FOIA was enacted to serve."[7] Reporters Comm. for Freedom of the Press, 489 U.S. at 775. See Nat'l Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989) ("unless the public would learn something directly about the workings of the Government by knowing the names and addresses of its annuitants, their disclosure is not affected with the public interest") (emphasis in original). See also Schwarz v. United States Dep't of Treasury, 131 F.Supp.2d 142, 150 (D.D.C. 2000) (redaction of identities of certain federal employees was justified because "[d]isclosure of these names could subject the individuals to unwanted harassment but would not contribute to the public understanding of government functions"); Voinche v. FBI, 940 F.Supp. 323, 330 (D.D.C. 1996) ("There is no reason to believe that the public will obtain a better understanding of the workings of

_____

[7] Plaintiff argues that "OPM's own regulations generally provide for the release of basic employee information, including names and duty stations. 5 C.F.R. § 293.311(a) (2005). By this regulation, OPM necessarily admits that release of such information generally serves the public interest[.]" Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for DoD Info. at 1 (emphasis in original). Although Section 293.311(a) provides for the release of basic employee information "about most present and former Federal employees," 5 C.F.R. § 293.311(a) (2005), it does not necessarily follow that Section 293.311(a) requires the release of such information about those federal employees who are or have been in occupations deemed "sensitive" because they involve national security, homeland security or law enforcement.

various agencies by learning the identifies of [various federal employees]...."); <u>Judicial Watch, Inc. v. United States Dep't of Commerce</u>, 337 F.Supp.2d 146, 177 (D.D.C. 2004) (same).

Second, Plaintiff has failed to satisfy the standard articulated by the Supreme Court in <u>Nat'l Archives and Records Admin. v. Favish</u>, 541 U.S. 157 (2004). In <u>Favish</u>, the Supreme Court held that, in order to outweigh a third party's privacy interest protected by FOIA Exemption 7(C), a requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."[8] <u>Id.</u> at 174. "Only when the FOIA requester has produced evidence sufficient to satisfy this standard will there exist a counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records." <u>Id.</u> at 174-75.

Plaintiff, however, has offered only a "bare suspicion" of wrongdoing which is not sufficient to overcome "the presumption of legitimacy accorded to the Government's official conduct." <u>Id.</u> at 174 (citing <u>Ray</u>, 502 U.S. at 178-79). <u>See</u> <u>Oguaju v. United States</u>, 378 F.3d 1115, 1117 (D.C. Cir. 2004) (same) (citing <u>United States</u>

---

[8] Although the context in <u>Favish</u> was FOIA Exemption 7(C), there is "no reason why the <u>character</u> of the disclosure interest should be different under exemption 6. While exemption 6 precludes only 'a <u>clearly</u> unwarranted invasion of personal privacy' (emphasis added), that difference between it and exemption 7(C) goes only to the <u>weight</u> of the privacy interest needed to outweigh disclosure." <u>Fed. Relations Authority v. United States Dept. of Treasury</u>, 884 F.2d 1446, 1451-52 (D.C. Cir. 1989) (emphasis in original).

v. Armstrong, 517 U.S. 456, 464 (1996) ("[I]n the absence of clear evidence to the contrary, courts presume that [federal employees] have properly discharged their official duties").  As the Supreme Court has noted, "[a]llegations of government misconduct are 'easy to allege and hard to disprove,' Crawford-El v. Britton, 523 U.S. 574, 585 (1998), so courts must insist on a meaningful evidentiary showing."[9]  Favish, 541 U.S. at 175.

### 2. The privacy interest of federal employees in nondisclosure

Against the minimal FOIA-related public interest in disclosure of name and duty stations in the agencies enumerated above in order to better understand the workings of the government, the Court must weigh the interest of the federal employees at issue in this case in the nondisclosure of such personal data.  "Because a very slight privacy interest would suffice to outweigh the relevant public interest, [the Court] need not be exact in [its] quantification of

---

[9] Plaintiff argues that Defendant's reliance on Favish is misplaced.  According to Plaintiff, "in Favish, the Supreme Court started from the settled principle that, 'as a general rule, when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information.  A person requesting the information needs no preconceived idea of the uses the data might serve.'"  Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for DoD Info. at 2 (quoting Favish, 541 U.S. at 172).  Plaintiff claims that "Defendant has not demonstrated that the withheld information is outside 'FOIA's disclosure provisions.'"  Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for DoD Info. at 2.  As discussed infra, however, the Court has concluded that the documents Plaintiff seeks are outside "FOIA's disclosure provisions" because Plaintiff has failed to show that the withheld information would contribute to public understanding of government operations.

the privacy interest.  It is enough for present purposes to observe that the employees' interest in nondisclosure is not insubstantial."[10]  United States Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 500 (1994).  See Fed. Labor Relations Auth. v. United States Dep't of Treasury, 884 F.2d at 1453 (finding that "federal employees have privacy interests in their names and home addresses that must be protected"); Fed. Labor Relations Auth. v. United States Dep't of Veterans Affairs, 958 F.2d 503, 511 (2d Cir. 1992) (same); United States Dep't of Navy v. Fed. Labor Relations Auth., 975 F.2d 348, 352 (7th Cir. 1992) (same).

### 3.  The balance

The Court "need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time." Horner, 879 F.2d at 879.  Accordingly, because the privacy interest of the federal employees at issue in this case in the nondisclosure of their names and duty stations outweighs the minimal FOIA-related public interest in disclosure, the Court concludes that disclosure would constitute a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  OPM, therefore, properly asserted

---

[10]  Indeed, Plaintiff concedes that federal employees in the instant case have privacy interests in their names and duty stations that are "not negligible." Pl.'s Cross-Mot. for Non-DoD Info. at 3.

Exemption 6 to redact the names and duty stations of these federal employees.[11]

## IV.  CONCLUSION

Accordingly, for the reasons stated herein, OPM's Motion for Summary Judgment for Non-DoD Information is **granted**; Plaintiff's Cross-Motion for Summary Judgment for Non-DoD Information is **denied**; OPM's Motion for Summary Judgment for DoD Information is **granted**; Plaintiff's Cross-Motion for Summary Judgment for DoD Information is **denied**; and Plaintiff's Motion to Strike OPM's Motion for Summary Judgment for DoD Information is **denied.**

An Order will issue with this Memorandum Opinion.


December 4, 2006                    /s/_____
                                   Gladys Kessler
                                   U.S. District Judge

---

[11] In their Reply brief, Plaintiff for the first time charges that "[t]he declarations offered by defendant are inadequate to support summary judgment."  Pl.'s Reply to Def.'s Opp'n to Pl.'s Cross-Mot. for Non-DoD Info. at 4.  However, because Plaintiff waited until its Reply to raise this argument, OPM was given no chance to respond.  The Court, therefore, will not address this contention.  See Natural Res. Def. Council, Inc. v. U.S. EPA, 25 F.3d 1063, 1072, n.4 (D.C. Cir. 1994), and cased cited therein.